UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL ROBINSON,

        Plaintiff,        Case Number: 11-14366

v.        HON. GEORGE CARAM STEEH

A. GREASON,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

Michigan state prisoner Darryl Robinson has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs seeking to proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names a single defendant, A. Greason. He seeks monetary damages and injunctive relief.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff is a frequent filer in federal court. He has filed at least three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Robinson v. Lesatz, et al.*, No. 2:05-cv-217 (W.D. Mich. Nov. 7, 2005); *Robinson v. Luoma*, No. 2:05-cv-218 (W.D. Mich. Nov. 7, 2005); *Robinson v. Kutchie, et al.*, No. 2:05-cv-211 (W.D. Mich. Oct. 28, 2005); *Robinson v. Snow, et al.*, No. 2:05-cv-212 (W.D. Mich. Oct. 28, 2005); *Robinson v. Etelamaki, et al.*, No. 2:05-cv-200 (W.D. Mich. Oct. 4, 2005); *Robinson v. Caruso, et al.*, No. 2:05-cv-191 (W.D. Mich. Sept. 21, 2005). Plaintiff also has received notice that he is a three-striker, having had several cases dismissed under 28 U.S.C. § 1915(g). *See, e.g., Robinson v. Riegler*, No. 2:11-cv-11713 (E.D. Mich. Dec. 12, 2011); *Robinson v. Yee*, No. 2:10-cv-10069 (E.D. Mich. Jan. 15, 2010).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the

2

statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. Mar. 28, 2011). *See also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

Plaintiff asserts a conclusory allegation that he is under "imminent danger of serious physical injury." He provides no details regarding this claim. Plaintiff simply states that his life was placed in imminent danger because Greason told Plaintiff to sign off on a grievance and that he would not assist Plaintiff in the future. The grievance concerned the impact of a prison misconduct conviction on the calculation of Plaintiff's security screening. The grievance did not reference any matter which would support Plaintiff's claim of imminent danger. Plaintiff has failed to show that he should be permitted to proceed *in forma pauperis* despite the fact that he is a three-striker.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new

complaint with payment of the filing fee.

**SO ORDERED**.

Dated: March 15, 2012

                                                S/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 15, 2012, by electronic and/or ordinary mail and also to Darryl Robinson at Macomb Correctional Facility, 34625 Twenty-Six Mile Road, New Haven, MI 48048.

S/Josephine Chaffee
Deputy Clerk

---